IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02513-BNB

PATRICK ANENE EGBUNE,

     Plaintiff,

v.

STATE OF COLORADO,
SUPREME COURT OF THE STATE OF COLORADO,
COLORADO DIVISION OF CHILD SUPPORT ENFORCEMENT,
ARAPAHOE COUNTY CHILD SUPPORT ENFORCEMENT,
DISTRICT COURT, Arapahoe County 18th Judicial District, Colorado,
ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, and
AURORA MUNICIPAL COURT, Colorado,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

     Plaintiff Patrick Anene Egbune currently resides in Aurora, Colorado. Mr.

Egbune, acting *pro se*, initiated this action by filing a Complaint. On October 26, 2009,

Magistrate Judge Boyd N. Boland ordered Mr. Egbune to file his claims on a Court-

approved form used in filing *pro se* civil complaints. Mr. Egbune filed his claims on a

Court-approved form on November 2, 2009. The Amended Complaint, including the

Complaint form, is over 100 pages long.

     The Court must construe the Amended Complaint liberally because Mr. Egbune

is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read

"to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   Nonetheless, even though the Court must construe Mr. Egbune's pleadings liberally, the pleadings must follow the rules of federal civil procedure.   *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert denied*, 513 U.S. 1090 (1995).   For the reasons stated below the action will be dismissed.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Rule 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

2

The Court has reviewed the original Complaint that Mr. Egbune filed and finds that the Amended Complaint, even more than the original Complaint, fails to comply with Rule 8. The Amended Complaint is repetitive and excessively long and does not state Mr. Egbune's claims simply and concisely.

To the extent the Court is able to understand Mr. Egbune's claims, he appears to challenge his divorce decree in the State of Colorado, the suspension of his license to practice law in the State of Colorado, and a wrongful State of Colorado criminal prosecution against him. Mr. Egbune asserts jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1332. Mr. Egbune further asserts jurisdiction pursuant to 28 U.S.C. § 1367 for any pendent state issues.

In the Amended Complaint, Mr. Egbune appears to challenge certain state court judgments entered against him. For example, he complains about child custody and child support orders from Arapahoe County District Court, Colorado. (Am. Comp. at 55.) The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that

3

the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of a state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobile Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Here, Mr. Egbune asks the Court to dismiss all of the State of Colorado public officials' actions he identifies in his Complaint that subjected him to deprivation of his alleged rights. (Am. Compl. at 94-95.) To do as Mr. Egbune asks would undo the state court judgment in each of the state proceedings that he challenges.

Furthermore, the Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703.

Moreover, with respect to the suspension of his license to practice law, judges are generally immune from suits for money damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). There are only two exceptions to a judge's immunity including  (1) when a judge is not acting in a judicial capacity, and (2) when the act is taken in complete absence of all jurisdiction. *Id.* at 12. Although Mr. Egbune contends that the Colorado Supreme Court's acts were ministerial, operational, and non-discretionary, based on the claims Mr. Egbune sets forth the actions by the Supreme Court were taken within the court's jurisdiction while a judge was acting in a judicial capacity. Article VI of the Colorado Constitution grants the Colorado Supreme Court jurisdiction to regulate and control the practice of law in Colorado. *Unauthorized Practice of Law Comm. v. Grimes*, 654 P.2d 822, 823 (Colo. 1982); *Conway-Bogue Realty Inv. Co. v. Denver Bar Ass'n*, 312 P.2d 998, 1002-03 (1957). This jurisdiction extends over all matters involving the licensing of persons to practice law in the State of Colorado and is exclusive. Colo. R. Civ. P. 201.1; *People v. Buckles*, 453 P.2d 404, 405 (Colo. 1968); *Denver Bar Ass'n v. Pub. Utilities Comm'n*, 391 P.2d 467, 470 (1964).

5

It appears from the Amended Complaint that Mr. Egbune was disciplined for the "touching" of a client, was suspended for a year and a day, and was not reinstated to the bar because he refused to abide by the terms of the reinstatement. Mr. Egbune disagrees with the purported disciplinary action. He also alleges that the Colorado Supreme Court offered to reinstate him to the practice of law provided he "engage in homosexual relationship with James Sudler and other employees of the State of Colorado Supreme Court," to which he claims he would not agree. (Am. Compl. at 34, 41-42.) Nothing in Mr. Egbune's claims regarding his suspension suggest that the Colorado Supreme Court acted without jurisdiction or that a judge acted outside of his/her judicial capacity. Moreover, Mr. Egbune's claim regarding the offer to reinstate him is a conclusory allegation devoid of any supporting facts (such as who communicated the settlement offer) and, as such, it does not support a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As for Mr. Egbune's claim that he was subjected to a wrongful prosecution in a state criminal proceeding, he may not recover damages for claims that challenge the validity of his criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims

6

relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." **Beck v. City of Muskogee Police Dept.**, 195 F.3d 553, 557 (10th Cir. 1999).

A judgment in favor of Mr. Egbune's claims would imply necessarily the invalidity of his state court criminal proceedings. Mr. Egbune may not challenge the validity of the execution of his sentence in this action for money damages pursuant to § 1983. **See Heck**, 512 U.S. 477.

Mr. Egbune contends that the Colorado Supreme Court revoked his license to practice law in the State of Colorado because he is Black and is from Nigeria. He alleges that the Colorado Supreme Court has subjected him to permanent and perpetual servitude. He also states that he has a bi-polar condition and "decompensated" in 1988 but has been on medication since his decompensation. Mr. Egbune further asserts that his license to practice law has been suspended since January 1999. (Am. Comp. at 38 and 40.)

In **Egbune v. People**, 36 P.3d 794 (Colo. O. P. D. J. Jan. 16, 2001), the Office of the Presiding Disciplinary Judge for the State of Colorado found the following:

> Attorney Regulation. The Presiding Disciplinary Judge and the Hearing Board denied Patrick A. Egbune's petition for reinstatement to the practice of law. The one year and one day disciplinary suspension imposed against Egbune arose from two separate events of misconduct: in one matter, Egbune violated Colo. RPC 8.4(b) by inappropriately touching a female client in his office, and in another matter, Egbune violated Colo. RPC 3.3(a)(1) by recklessly accusing a judge and opposing counsel of having improper ex parte communications. In another matter, Egbune was

7

suspended for six months commencing upon the expiration of his prior suspension for conduct which occurred both prior to and concurrently with the conduct for which the prior suspension was imposed.  Egbune assumed responsibility for a contingent fee action from another attorney knowing that the prior attorney claimed a portion of any recovery to satisfy his attorney's fees.  Egbune settled the action on terms which had been secured by the prior attorney, and disbursed funds resulting from the settlement without notifying the prior attorney or segregating the disputed funds in a trust account.  Egbune was found to have violated Colo. RPC 1.15(a), Colo. RPC 1.15(b), Colo. RPC 1.15(c), Colo. RPC 1.5(a) and Colo. RPC 8.4(h).  In addition to these disciplinary cases, Egbune was subject to a disability action commenced in 1996.  In November 1997, Egbune was reinstated to the practice of law on the condition that his physician submit reports to the Office of Attorney Regulation Counsel every three months. Egbune initially complied with this condition but subsequently failed to continue to submit the reports.  In the reinstatement proceeding, Egbune failed to establish rehabilitation.  With regard to the serious misconduct involving sexual improprieties with a client and unsupported allegations of misconduct against a judge and opposing counsel, Egbune minimized the significance of his prior misconduct or directly denied it.  Similarly, Egbune did not demonstrate rehabilitation from his mishandling of a contingent fee matter.  No evidence was offered apart from Egbune's own testimony in which he sought to minimize and justify his misconduct, from which it could be determined that he had made any successful effort to gain a greater understanding of his duties with regard to his client or others who claim an interest in disputed funds.  Because Egbune failed to demonstrate rehabilitation, the PDJ and Hearing Board declined to make a finding that he is fit to practice law.  They considered that Egbune had failed to comply with a Supreme Court Order for a period of time, arising from his 1996 disability proceeding.  Egbune was ordered to pay the costs of the proceeding.

Nonetheless, as the Court has stated above, this Court lacks subject matter jurisdiction to review the merits of the state-court adjudication of Mr. Egbune's disciplinary proceeding and his divorce proceeding.  Accordingly, it is

ORDERED that to the extent Mr. Egbune challenges any state criminal proceedings the Complaint is dismissed without prejudice pursuant to ***Heck v. Humphrey***, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that to the extent Mr. Egbune seeks to overturn the revoking of his license to practice law in the State of Colorado and to overturn the terms of his state divorce proceedings this Court lacks subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine, and the Complaint is dismissed without prejudice.  It is

FURTHER ORDERED that any remaining claims Mr. Egbune attempts to raise in this action are dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8.  It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any state law claims that Mr. Egbune asserts because the constitutional claims over which the Court may have had original jurisdiction will be dismissed.  ***See*** 28 U.S.C. § 1367(c)(3).  It is

FURTHER ORDERED that Mr. Egbune's Motion to Proceed with Action (Doc. No. 6), filed on January 4, 2010, is DENIED as moot.

DATED at Denver, Colorado, this 8th day of ___January___, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02513-BNB

Patrick Anene Egbune
972 South Dearborn Way, Unit 18
Aurora, CO 80012

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/11/10

GREGORY C. LANGHAM, CLERK

By_____
Deputy Clerk